```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

ALTRISHA GRAHAM,

    Plaintiff,

v.                                    Case No. 8:20-cv-2758-T-33AEP

RAPID AUTO LOANS, LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Rapid Auto Loans, LLC's Motion to Dismiss Complaint for Improper Venue or, Alternatively, Motion to Transfer Venue (Doc. # 11), filed on December 22, 2020. Plaintiff Altrisha Graham responded on January 5, 2021. (Doc. # 14). For the reasons that follow, the Motion is granted as set forth herein.

**I.   Background**

In 2017, Rapid Auto issued a loan to Graham to purchase an automobile. (Doc. # 11-1 at 2; Doc. # 1 at 2). The loan agreement contains a forum selection clause:

> **JURISDICTION AND VENUE**. The Borrower(s) and Lender acknowledge that a substantial portion of the negotiations, anticipated performance and execution of this Agreement occurred or shall occur in Broward County, Florida. **Any civil action or legal proceeding arising out of or relating to this**

1

>    **Agreement shall be brought in the courts of record of the State of Florida in Broward County or the United States District Court, Southern District of Florida, Fort Lauderdale Division.** Both parties consent to the jurisdiction of such court in any civil action or legal proceeding and waive any objection to the laying of venue of any such civil action or legal proceeding in such court. Service of any court paper may be affected on such party by mail, as provided in this Agreement, or in such other manner as may be provided under applicable laws, rules of procedure or local rules.

(Doc. # 16-1 at 5)(emphasis added).

As a result of financial hardship, Graham fell behind on her payments under the agreement. (Doc. # 1 at 2). "Several months ago," Rapid Auto began calling Graham's cellphone and sending her text messages in an attempt to collect the debt. (Id. at 2-3). Although Graham demanded that Rapid Auto stop, Rapid Auto has allegedly continued to call and text. (Id. at 3).

Graham initiated this action against Rapid Auto on November 23, 2020, asserting claims under the Telephone Consumer Protection Act ("TCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). (Doc. # 1). Now, Rapid Auto moves to either dismiss or transfer the case based on the forum selection clause. (Doc. # 11). Graham has responded (Doc. # 14), and the Motion is ripe for review.

II. **Legal Standard**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Ordinarily, "[t]o transfer an action under [S]ection 1404(a) the following criteria must be met: (1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and parties." i9 Sports Corp. v. Cannova, No. 8:10-cv-803-T-33TGW, 2010 WL 4595666, at *3 (M.D. Fla. Nov. 3, 2010)(citation omitted).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex., 571 U.S. 49, 63 (2013)(citation omitted). "[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." Id. (citation omitted). So, the Court "should not consider arguments about the parties' private interests." Id. at 64. "When parties agree to a forum-selection clause, they waive the right to

3

challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." Id. "A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." Id. "A district court may only consider arguments regarding public-interest factors." Loeffelholz v. Ascension Health, Inc., 34 F. Supp. 3d 1187, 1190 (M.D. Fla. 2014).

### III. Analysis

As a preliminary matter, Graham argues in her response that the Motion should be denied because Rapid Auto failed to attach a copy of the agreement to its Motion. (Doc. # 14 at 4). However, since her response, Rapid Auto has corrected this oversight and a copy of the agreement is filed on the docket. (Doc. # 16-1). Thus, this argument does not warrant denial of the Motion and the Court will evaluate the merits of the Motion.

"Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." Krenkel v. Kerzner Int'l Hotels Ltd., 579 F.3d 1279, 1281 (11th Cir. 2009). Graham does not challenge the validity of the agreement's forum selection clause, and

4

thus the Court concludes that the clause is valid. Instead, Graham argues that her TCPA and FCCPA claims in this case do not fall within the scope of the forum selection clause. (Doc. # 14 at 4).

"Beyond validity, in analyzing the application of a forum-selection clause a court must determine whether the claim or relationship at issue falls within the scope of the clause — by looking to the language of the clause itself — and whether the clause is mandatory or permissive." Blue Ocean Corals, LLC v. Phx. Kiosk, Inc., No. 14-CIV-61550, 2014 WL 4681006, at *4 (S.D. Fla. Sept. 19, 2014); see also Bah. Sales Assoc., LLC v. Byers, 701 F.3d 1335, 1340 (11th Cir. 2012)("To determine if a claim falls within the scope of a clause, we look to the language of the clause.").

Here, the forum selection clause is mandatory. See Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004)("A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, 'dictates an exclusive forum for litigation under the contract.'" (citation omitted)). And the forum selection clause applies to "[a]ny civil action or legal proceeding arising out of or relating to this Agreement" — that is, the

loan agreement between Graham and Rapid Auto. (Doc. # 16-1 at 5).

The Court is not persuaded by Graham's argument regarding scope. While the claims at issue are brought under the TCPA and FCCPA rather than under the agreement, these claims nevertheless relate to the agreement. Graham acknowledges that the allegedly illegal phone calls and text messages were made in an effort to collect on the debt Graham owed Rapid Auto under the agreement. Rapid Auto would not have been contacting Graham but for their relationship created by the loan agreement and Graham's alleged failure to satisfy her duties under the agreement. See <u>Lozada v. Progressive Leasing d/b/a Prog Leasing LLC</u>, No. 15-CV-2812 (KAM)(JO), 2016 WL 3620756, at *3 (E.D.N.Y. June 28, 2016)("Plaintiff alleges that defendant's automated phone calls to the defendant were made regarding plaintiff's 'account with [the] Defendant.' The only 'account' either party addresses is the Lease between plaintiff and defendant, and plaintiff does not dispute that defendant's allegedly violative calls related to the Lease. It follows that defendant's alleged phone calls 'relate to' the Lease because plaintiff's alleged damages would not have been suffered had plaintiff never entered into the Lease. Consequently,

6

plaintiff's TCPA claim is within the scope of the Arbitration Provision." (citations omitted)).

In short, the TCPA and FCCPA claims relate to the agreement. See Stewart Org., Inc. v. Ricoh Corp., 810 F.2d 1066, 1070 (11th Cir. 1987)("The contract refers to *any* 'case or controversy arising under or in connection with this Agreement.' This includes all causes of action arising directly or indirectly from the business relationship evidenced by the contract."), aff'd and remanded, 487 U.S. 22 (1988). Thus, the forum selection clause applies to these claims. And Graham makes no argument that the public interest factors weigh against enforcing the forum selection clause. Therefore, the forum selection clause will be enforced.

Still, the Court agrees with Graham that transfer, rather than dismissal of this case, is the proper remedy. See Atl. Marine Const. Co., 571 U.S. at 52 ("We reject petitioner's argument that [a forum-selection] clause may be enforced by a motion to dismiss under 28 U.S.C. § 1406(a) or Rule 12(b)(3) of the Federal Rules of Civil Procedure. Instead, a forum-selection clause may be enforced by a motion to transfer under [Section] 1404(a)."). As the forum selection clause specifies that venue may properly lie in the

Southern District of Florida, Fort Lauderdale Division, the Court transfers the case there.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Rapid Auto Loans, LLC's Motion to Dismiss Complaint for Improper Venue or, Alternatively, Motion to Transfer Venue (Doc. # 11) is **GRANTED** to the extent that the Court transfers this case to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. The Clerk is directed to transfer the case to that District and, thereafter, **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of January, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE